**In the ESTATE OF Lavarn GREEN, Jr., et al., Minors.**

No. 57517.

Missouri Court of Appeals, Eastern District, Division Two.

April 3, 1990.

Elbert A. Walton, Jr., St. Louis, for appellant.

Claude W. McElwee, Jr., St. Louis, for respondent.

KAROHL, Judge.

■ Ora Lee Smith, conservator, appeals from an order of the Probate Court of the City of St. Louis removing appellant as conservator for failure to perform her official duties. Appellant's timely motion to set aside the order of removal and revocation of authority was ruled by a commissioner of the probate court. However, this appeal is premature and this court has no jurisdiction because the probate judge neither rejected nor confirmed the order.

A conservator may be removed by revocation of letters of authority. Sections 475.110 and 473.140 RSMo 1986. There are no express provisions for appeal of this order contained in Chapter 475, Probate Code—Guardianship. However, § 475.110 incorporates and makes applicable to conservators the same grounds for removal of a personal representative, and § 472.160.1(9) authorizes an appeal from orders revoking letters.

The necessary facts in the present case are briefly summarized as follows. On March 23, 1988 the probate court notified the conservator to file an annual settlement on or before April 29, 1988. The settlement was not timely filed. On July 20, 1988 the probate court, on its own motion, entered an order "on Ora Lee Smith, guardian herein, to show cause why she should not be removed for failure to file a settlement originally due April 29, 1988." On August 31, 1989 the commissioner of the probate court entered the following order:

> Order on Ora Lee Smith, conservator herein, to show cause why she should not be removed for failure to perform her official duties called. Said Ora Lee Smith fails to appear in person or by counsel. Pursuant to said order and on court's own motion Ora Lee Smith removed as conservator for failure to perform her official duties and her authority [is] revoked. Said Ora Lee Smith ordered to file settlement to revocation on or before September 29, 1989.

On August 31, 1989 the probate judge entered a general order "that all orders, judgments and decrees of the commissioner, of this date, Aug. 31, 1989, be and the same are hereby confirmed." On September 6, 1989 conservator filed a motion to set aside order of removal and revocation, or in the alternative, motion for review of the order of the commissioner by the court. The motion acknowledged the order, inter alia, to show cause and alleged the settlement was filed. The minutes of the probate court proceedings indicate the conservator filed an annual settlement for the period in question on October 20, 1988 and an

amended settlement for the same period on June 9, 1989.

On October 10, 1989 the commissioner entered an order denying the motion to set aside order of removal and revocation or in the alternative motion for review of the order of the commissioner by the court. The record does not disclose that the probate judge rejected or confirmed the October 10, 1989 order of the commissioner.

Section 478.265 describes the powers and duties of a commissioner of the probate division of the circuit court.

> Subject to approval or rejection by the judge of the probate division, the commissioner shall have all the powers and duties of such judge; but the judge shall by order of record reject or confirm all orders, judgments, and decrees of the commissioner within the time such judge could set aside such orders, judgments, or decrees, had the same been made by him; and if so confirmed such orders, judgments, and decrees shall have the same effect as if made by the judge on the date of such confirmation.

In the present case we have no record to support a finding the court confirmed the order of the commissioner of the probate court refusing to set aside the order of revocation. Accordingly, the motion to set aside is pending in the probate court. Thus, no final appealable order has been entered.

■ We call the court and the parties' attention to the provisions of § 473.560 RSMo 1986. This section authorizes the probate court to deal with the failure of a personal representative to file a settlement in a probate estate. It also authorizes the probate court to issue a citation to the executor or administrator requiring a settlement to be filed "on the day to which the settlement is continued *or* show good cause, is any he has, why his settlement has not been filed and why his letters should not be revoked." (Our emphasis). There is no comparable provision in Chapter 474 which regulates conservatorship estates. However, in a decedent's estate the authorized order is in the alternative, file a settlement or show cause why the court should not remove the personal representative. The order in the present conservatorship estate did not offer the alternatives of filing a settlement by a continued date to appearing or showing cause. The conservator filed a settlement and an amended settlement after the order, to show cause but before a hearing date. It would be for the probate judge, not the commissioner, to determine whether: (1) the show cause order was sufficient; and (2) the filing of the settlement after the order to show cause, but before the hearing on the order, deprived the probate court of jurisdiction to remove the conservator. In the absence of such consideration and an order by the probate judge we have no jurisdiction to consider this appeal.

Appeal dismissed and the case is remanded to the probate court for further proceedings.

PUDLOWSKI, P.J., and CRANDALL, J., concur.